**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re: SPIRIT AVIATION HOLDINGS, INC., et al.,
Debtors.

(Jointly Administered)
Chapter: 11
Case No.: 25-11897 (SHL)

**EMERGENCY EX-PARTE NOTICE OF AND MOTION OF AMEER FLIPPIN FOR LEAVE TO APPEAL ORDERS AND RULINGS REGARDING PRO SE FILINGS, CAPACITY, AND PARTICIPATION IN THE CHAPTER 11 PROCEEDINGS; MEMORANDUM IN SUPPORT THEREOF; DECLARATION; AND [PROPOSED] ORDER**

**PLEASE TAKE NOTICE, EX-PARTE,** that upon the annexed Emergency Ex-Parte Motion for Leave to Appeal Orders and Rulings, the Memorandum of Law in Support Thereof, the Declaration of Ameer Flippin, and all prior filings and proceedings had herein, I, Ameer Flippin (the "Movant"), appearing pro se in an individual and personal capacity as the sole 100% shareholder of Harlem Park Partners, Inc., will present the attached proposed order (the "Proposed Order") for consideration by the Honorable Sean H. Lane, United States Bankruptcy Judge.

**PLEASE TAKE FURTHER NOTICE, EX-PARTE,** that Movant seeks leave to appeal pursuant to 28 U.S.C. § 158(a)(3), Federal Rule of Bankruptcy Procedure 8003, and other applicable authority, the interlocutory orders and rulings concerning Movant's ability to file pleadings and proceed in his individual and personal capacity in these Chapter 11 proceedings, including the oral ruling announced during the August 19, 2026 hearing and the resulting treatment of pending filings, including the ruling concerning ECF No. 1424.

**PLEASE TAKE FURTHER NOTICE, EX-PARTE,** that unless a written objection to the Proposed Order, with proof of service, is filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers at least three days before the date of presentment, there may not be a hearing and the Order may be signed by the Court without further notice or hearing.

**PLEASE TAKE FURTHER NOTICE, EX-PARTE,** that if a written objection is timely filed, the Court will notify the moving and objecting parties of the date and time of the hearing and of the moving party's obligation to notify all other parties entitled to receive notice. The moving and objecting parties are required to attend the hearing remotely via Zoom.com and failure to attend in person or by counsel may result in relief being granted or denied upon default.

**PLEASE TAKE FURTHER NOTICE, EX-PARTE,** that Movant seeks emergency consideration because the challenged rulings affect his ability to participate in matters concerning the Debtors' sale process, including the proposed Alternative Bid Strategy involving the 27 EETC-financed aircraft, and because the current sale timetable establishes an August 27, 2026 Bid Deadline, a September 9, 2026 Auction, and a September 16, 2026 Sale Hearing.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on: August 24th, 2026
San Francisco, California.

Respectfully submitted,

/s/ Ameer Flippin

**Ameer Flippin**
*Pro Se*
In an Individual and Personal Capacity
Sole 100% Shareholder
Harlem Park Partners, Inc.
650 California Street, 7th Floor
San Francisco, CA 94108
+1 (240) 581-4693
AmeerFlippin@Outlook.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

In re: SPIRIT AVIATION HOLDINGS, INC., et al.,
Debtors.

(Jointly Administered)
Chapter: 11 Case No.: 25-11897 (SHL)

---

**EMERGENCY EX-PARTE MOTION OF AMEER FLIPPIN FOR LEAVE TO APPEAL ORDERS AND RULINGS REGARDING PRO SE FILINGS, CAPACITY, AND PARTICIPATION IN THE CHAPTER 11 PROCEEDINGS; AND FOR RELATED RELIEF PENDING APPEAL**

---

I, Ameer Flippin, appearing pro se in an individual and personal capacity, as the sole 100% shareholder of Harlem Park Partners, Inc., respectfully move this Court pursuant to 28 U.S.C. § 158(a)(3), Federal Rule of Bankruptcy Procedure 8003, and other applicable authority, for leave to appeal the interlocutory orders and rulings concerning Movant's ability to file pleadings and proceed in his individual and personal capacity in these Chapter 11 proceedings.

Movant seeks leave to appeal, among other matters, the oral ruling announced by the Honorable Sean H. Lane during the August 19, 2026 hearing, which Movant understands to have restricted or disallowed his ability to file documents or proceed pro se, as well as the resulting treatment of his pending filings, including the ruling concerning ECF No. 1424.

The record reflects that Movant expressly stated during the August 19 hearing: "I, Ameer Flippin, filed the documents in a personal and individual capacity." The record further reflects Movant's position that the Court construed his filings as being submitted on behalf of Harlem Park Partners, Inc., rather than as filings submitted by Movant personally.

## I. JURISDICTION

1. This Court has jurisdiction over the underlying Chapter 11 proceedings pursuant to 28 U.S.C. §§ 1334 and 157. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The requested leave to appeal is sought pursuant to 28 U.S.C. § 158(a)(3) and Federal Rule of Bankruptcy Procedure 8003.

3. The challenged rulings concern Movant's ability to participate in and file documents in the Chapter 11 proceedings and therefore directly affect the administration of the bankruptcy case.

## II. THE ORDERS AND RULINGS FOR WHICH LEAVE TO APPEAL IS REQUESTED

1. Movant seeks leave to appeal the oral ruling announced during the August 19, 2026 hearing concerning his ability to file documents and proceed pro se in these Chapter 11 proceedings.

2. Movant also seeks leave to appeal the resulting treatment of his filings, including the ruling concerning ECF No. 1424.

3. Movant has requested that the Court enter a written Order memorializing the August 19 oral directives because a written Order is necessary to establish a clear record for appellate review.

4. Movant further seeks leave to appeal the Court's treatment of his filings insofar as the Court determined or indicated that those filings could not be considered because they were allegedly being submitted on behalf of Harlem Park Partners, Inc.

5. Movant respectfully submits that the issue is appropriate for appellate review because it concerns the distinction between (a) Movant personally appearing pro se and (b) a corporation attempting to appear through a non-attorney representative.

## III. PRAYER FOR RELIEF

WHEREFORE, Movant Ameer Flippin respectfully requests that this Court:

1. **GRANT** this Emergency Motion for Leave to Appeal pursuant to 28 U.S.C. § 158(a)(3) and Federal Rule of Bankruptcy Procedure 8003;
2. Grant leave to appeal the August 19, 2026 oral ruling and related rulings concerning Movant's ability to file and proceed in an individual and personal capacity;
3. Grant leave to appeal the related treatment of Movant's filings, including the ruling concerning ECF No. 1424;
4. **EXTEND** the August 27, 2026 Bid Deadline, with the duration and conditions of such extension left entirely to the Court's discretion;
5. **STAY** the September 9, 2026 Auction to the extent necessary to preserve meaningful appellate review;
6. Preserve all of Movant's pending filings, objections, motions, requests for relief, and appellate rights pending disposition of the requested appeal; and
7. Grant such other and further relief as the Court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on: August 24th, 2026
San Francisco, California.

Respectfully submitted,

*/s/ Ameer Flippin*

**Ameer Flippin**, *Pro Se*
In an Individual and Personal Capacity
Sole 100% Shareholder
Harlem Park Partners, Inc.
650 California Street, 7th Floor
San Francisco, CA 94108
+1 (240) 581-4693
AmeerFlippin@Outlook.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re: SPIRIT AVIATION HOLDINGS, INC., et al.,
Debtors.

(Jointly Administered)
Chapter: 11
Case No.: 25-11897 (SHL)

**MEMORANDUM IN SUPPORT OF EMERGENCY EX-PARTE MOTION OF A MEER FLIPPIN FOR LEAVE TO APPEAL ORDERS AND RULINGS REGARDING PRO SE FILINGS, CAPACITY, AND PARTICIPATION IN THE CHAPTER 11 PROCEEDINGS**

I, Ameer Flippin, appearing pro se in an individual and personal capacity as the sole 100% shareholder of Harlem Park Partners, Inc. (the "Movant"), by and through this Memorandum of Law, respectfully submit this memorandum in support of the Emergency Ex-Parte Motion for Leave to Appeal (the "Motion").

## I. FACTUAL BACKGROUND

### A. Movant's Individual Capacity

Ameer Flippin is the Chief Executive Officer and sole 100% shareholder of Harlem Park Partners, Inc. Movant has repeatedly stated that he is appearing in an individual and personal capacity. During the August 19, 2026 hearing, Movant testified: "I, Ameer Flippin, filed the documents in a personal and individual capacity."

Movant contends that his filings seek to protect his individual interests and rights. Harlem Park Partners, Inc. is the corporate vehicle through which a potential transaction may ultimately be implemented, but Movant contends that this does not convert his personal filings into corporate legal representation.

### B. The August 19th, 2026 Ruling

On August 19, 2026, during a scheduled hearing, the Court verbally indicated or issued an oral directive that Movant was not permitted to file documents or proceed pro se in the Chapter 11 proceeding. Movant's subsequent Request for Judicial Notice states that the Court construed his filings as improperly filed on behalf of Harlem Park Partners, Inc.

Movant thereafter filed an Objection to the oral ruling, asserting that the ruling constituted plain error because 28 U.S.C. § 1654 expressly provides for personal appearance or representation by counsel. Movant also filed an Emergency Motion for Reconsideration asserting that the ruling resulted from a fundamental misapprehension of the record, specifically identifying ECF No. 1424 as having been affected by the disputed capacity determination.

### C. The Aircraft Sale Process Creates Immediate Prejudice

The Bidding Procedures Order establishes an accelerated timetable for the sale of the 27 EETC-financed aircraft. Binding bids are required by August 27, 2026 at 4:00 p.m. Eastern Time. The Auction is scheduled for September 9, 2026 at 10:00 a.m. Eastern Time. The Sale Hearing is scheduled for September 16, 2026 at 11:00 a.m. Eastern Time.

The Bidding Procedures provide that the determination of Qualified Bidders becomes irrevocable and unreviewable once the Auction commences. Accordingly, the Auction may materially alter the parties' positions before the Sale Hearing. Movant therefore respectfully submits that appellate review must occur while meaningful relief remains available.

## II. GROUNDS FOR LEAVE TO APPEAL

### A. The Ruling Presents a Substantial Question of Law

The principal question presented is whether the Court properly applied the restrictions concerning corporate representation to a person who expressly appeared and filed personally and individually. Movant contends

that the Court's ruling effectively prevented him from exercising the right he asserts under 28 U.S.C. § 1654.

The distinction between an individual appearing pro se and a corporation appearing through a non-attorney is fundamental. Movant respectfully submits that the issue warrants appellate consideration because the challenged ruling directly affects his ability to participate in the proceeding.

**B. The Issue Is Material to the Outcome of Pending Proceedings**

The challenged ruling has consequences beyond the particular filing that prompted the August 19 ruling. It affects Movant's ability to file and prosecute his pending motions and objections, to seek a meet-and-confer concerning the Alternative Bid Strategy, to seek relief concerning the 27-aircraft sale, and to seek meaningful appellate review.

**C. The Appeal Would Advance the Case**

Resolution of the capacity issue would clarify whether Movant's pending filings are properly before the Court. A ruling from the reviewing court could establish whether Movant may proceed personally and individually and whether his filings must be considered on that basis. Resolution of that question would directly facilitate orderly administration of the remaining proceedings.

**D. The Issue Is Exceptional and Warrants Immediate Review**

The circumstances are particularly urgent because the challenged ruling coincides with an accelerated sale process. The August 27 Bid Deadline precedes the September 9 Auction. Immediate appellate review therefore serves the interests of judicial economy.

**III. IRREPARABLE PREJUDICE AND REQUESTED INTERIM RELIEF**

Movant will suffer substantial prejudice if appellate review is delayed until after the sale process has materially progressed. If the August 27 Bid Deadline expires before Movant's filings are resolved, Movant may be deprived of the opportunity to submit a bid. If the September 9 Auction then occurs, the resulting

designation of a Successful Bidder may create additional obstacles to effective relief. Movant therefore requests that, while the request for leave to appeal is pending, the Court extend the August 27, 2026 Bid Deadline, with the duration, terms, and conditions of the extension left entirely to the Court's discretion, and stay the September 9 Auction to the extent necessary to preserve meaningful appellate review.

## IV. CONCLUSION

For the foregoing reasons, Movant Ameer Flippin respectfully requests that this Court grant the Emergency Motion for Leave to Appeal, extend the Bid Deadline, stay the Auction as necessary to preserve appellate rights, and grant such other and further relief as is just and proper.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on: August 24th, 2026
San Francisco, California.

Respectfully submitted,

*/s/ Ameer Flippin*

**Ameer Flippin**
*Pro Se*
In an Individual and Personal Capacity
Sole 100% Shareholder
Harlem Park Partners, Inc.
650 California Street, 7th Floor
San Francisco, CA 94108
+1 (240) 581-4693
AmeerFlippin@Outlook.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re: SPIRIT AVIATION HOLDINGS, INC., et al.,
Debtors.

(Jointly Administered)
Chapter: 11
Case No.: 25-11897 (SHL)

**DECLARATION OF AMEER FLIPPIN IN SUPPORT OF**
**EMERGENCY EX-PARTE MOTION FOR LEAVE TO APPEAL ORDERS AND RULINGS**

**PLEASE TAKE NOTICE** that the undersigned party hereby provides a **DECLARATION in support of** the Emergency Ex-Parte Motion for Leave to Appeal Orders and Rulings regarding pro se filings, capacity, and participation in these Chapter 11 proceedings.

1. I, Ameer Flippin, the sole 100% shareholder and Chief Executive Officer of Harlem Park Partners, Inc., DECLARE that I am over the age of eighteen years and am competent to make this Declaration. I submit this Declaration in support of the Emergency Ex-Parte Motion for Leave to Appeal.

2. I appear in this matter pro se in an individual and personal capacity. All motions, notices, and filings that I have submitted in these Chapter 11 cases, including the Emergency Ex-Parte Motion to Compel a Meet and Confer [ECF No. 1424], the Motion to Stay, the Motion to Compel, the Objection to the August 19 ruling, the Request for Judicial Notice, and the Motion for Reconsideration, were filed by me in my individual and personal capacity under the authority of 28 U.S.C. § 1654.

3. On August 19th, 2026, during a scheduled hearing before the Honorable Sean H. Lane, I provided testimony on the record in which I expressly stated: "I, Ameer Flippin, filed the documents in a personal and individual capacity."

4. Notwithstanding my testimony and the plain language of my filings identifying me as appearing pro se in an individual and personal capacity, the Court orally directed that I am not permitted to file documents or proceed pro se in this Chapter 11 proceeding, construing my pleadings as improper corporate representation by a non-attorney on behalf of Harlem Park Partners, Inc.

5. I am the sole 100% shareholder of Harlem Park Partners, Inc. The corporation is a vehicle through which I execute transactions in my personal financial interest. My filings seek to protect those personal equity and property interests and to present an Alternative Bid Strategy for the Debtors' 27 aircraft that is structured to maximize value for the bankruptcy estate.

6. The Bidding Procedures Order establishes binding bids by August 27th, 2026 at 4:00 p.m. Eastern Time, an Auction on September 9, 2026, and a Sale Hearing on September 16, 2026. The determination of Qualified Bidders becomes irrevocable and unreviewable once the Auction commences.

7. If the August 27 Bid Deadline expires or the September 9 Auction proceeds before the capacity and pro se issues are resolved on appeal, I will suffer irreparable prejudice, including potential loss of the opportunity to submit a bid and the risk that subsequent appellate relief becomes ineffective.

8. I make this Declaration based on my personal knowledge of the facts stated herein. If called as a witness, I could and would competently testify to the same.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: August 24th, 2026
San Francisco, California.

*/s/ Ameer Flippin*

**Ameer Flippin**, *Declarant*
In an Individual and Personal Capacity
Sole 100% Shareholder, Harlem Park Partners, Inc.
650 California Street, 7th Floor
San Francisco, CA 94108
+1 (240) 581-4693
AmeerFlippin@Outlook.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

In re: SPIRIT AVIATION HOLDINGS, INC., et al.,
Debtors.

(Jointly Administered)
Chapter: 11
Case No.: 25-11897 (SHL)

---

**[PROPOSED] ORDER GRANTING EMERGENCY MOTION**
**OF AMEER FLIPPIN FOR LEAVE TO APPEAL**

---

Upon consideration of the Emergency Motion of Ameer Flippin (the "Movant") for Leave to Appeal Orders and Rulings Regarding Pro Se Filings, Capacity, and Participation in the Chapter 11 Proceedings (the "Motion"); the Memorandum of Law in Support Thereof; the Declaration of Ameer Flippin; and all prior filings and proceedings had herein; and this Court having jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334; and due and sufficient notice of the Motion having been given under the circumstances; and after due consideration of the Memorandum of Law and Declaration in support thereof; and good and sufficient cause appearing therefor, it is hereby:

1. **ORDERED** that the Motion is GRANTED to the extent set forth herein; and it is further

2. **ORDERED** that Ameer Flippin is granted leave to seek appellate review pursuant to 28 U.S.C. § 158(a)(3) and Federal Rule of Bankruptcy Procedure 8003 of the rulings identified in the Motion; and it is further

3. **ORDERED** that the August 19th, 2026 ruling concerning Ameer Flippin's ability to file and proceed in an individual and personal capacity shall be subject to appellate review; and it is further

4. **ORDERED** that the August 27th, 2026 Bid Deadline applicable to the 27 EETC-financed aircraft is EXTENDED for such period and upon such terms and conditions as the Court determines appropriate; and it is further

5. **ORDERED** that no specific number of additional days or replacement Bid Deadline is established by this Order, the duration of the extension being left to the Court's discretion; and it is further

6. **ORDERED** that any related bidding-process deadlines shall be modified as necessary to implement the extension; and it is further

7. **ORDERED** that the September 9, 2026 Auction is STAYED pending further Order of this Court and/or the reviewing court; and it is further

8. **ORDERED** that Ameer Flippin shall not be deemed to have waived any pending filing, objection, motion, request for relief, or appellate right by reason of the existing Bid Deadline or the scheduling of the Auction; and it is further

9. **ORDERED** that this Court retains jurisdiction to hear and determine all matters arising from or relating to this Order.

**SO ORDERED.**

Dated: __________________, 2026 New York

________________________________
**THE HONORABLE SEAN H. LANE**
United States Bankruptcy Judge